**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ABIRA MEDICAL LABORATORIES, LLC, d/b/a GENESIS DIAGNOSTICS,** Plaintiff, | **CIVIL ACTION** |
| **v.** | |
| **ANTHEM BLUE CROSS BLUE SHIELD MISSOURI, BLUE CROSS BLUE SHIELD OF MISSOURI, ABC COMPANIES 1-100, and JOHN DOES 1-100,** Defendants. | **NO.  23-4940** |

## <u>MEMORANDUM OPINION</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants Anthem Blue Cross Blue Shield Missouri ("Anthem Missouri") and Blue Cross Blue Shield of Missouri ("BCBS Missouri")[1] move to dismiss this breach-of-contract suit for lack of personal jurisdiction.  For the following reasons the Court lacks personal jurisdiction over Defendants.

### I.    FACTUAL BACKGROUND

The Complaint alleges the following facts, which are accepted as true in this posture.  *See Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

Plaintiff Abira Medical Laboratories, LLC, doing business as Genesis Diagnostics ("Genesis"), is a New Jersey-based company which operates a medical testing laboratory in Bucks County, Pennsylvania.  That facility performs a suite of clinical laboratory, toxicology, pharmacy, genetic, and addition rehabilitation testing on behalf of numerous patients located throughout the United States.  These patients include individuals insured by Anthem Missouri

---

[1] In their motion to dismiss, Defendants style themselves as RightCHOICE Managed Care, Inc., Healthy Alliance Life Insurance Company, and HMO Missouri, Inc.  For consistency, this opinion will retain the naming convention used in the Complaint.

and BCBS Missouri, whose medical providers submitted thousands of specimens for testing between June 2016 and February 2021.

As health insurance providers, Anthem Missouri and BCBS Missouri are required by the benefits clauses of their insurance contracts to pay for their insureds' laboratory testing.  And their insured, by submitting specimens to Genesis, designated Genesis as the beneficiary of these payments.  In numerous instances, however, Defendants "refused to pay and/or underpaid claims properly submitted by Genesis," allegedly in violation of state and federal law.  Yet all the while, the insurers' representatives induced Genesis to continue providing these services by falsely promising to pay subsequent claims.  All told, Genesis performed approximately $1.3 million in testing services for which proper payments were not made.

## II.    LEGAL STANDARDS

Personal jurisdiction is a threshold matter that must be resolved before considering the merits of the pleadings.  *Small v. Camden Cnty.*, 728 F.3d 265, 270 (3d Cir. 2013).  "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  If an evidentiary hearing is not held, a plaintiff need only show a prima facie case by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434 (3d Cir. 1987).  While this burden is not a heavy one, a plaintiff may not "rely on the bare pleadings alone" and must "respond with actual proofs, not mere allegations."  *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984); *accord Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) ("[A] plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper.").

## III.    DISCUSSION

"[A] district court may assert personal jurisdiction 'over non-resident defendants to the extent permissible under the law of the state where the district court sits.'"  *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Pennzoil Prod. Co. v. Colelli & Assoc., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998)); Fed. R. Civ. P. 4(k)(1)(A).  Pennsylvania's long-arm statute authorizes personal jurisdiction to "the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 Pa. C.S. § 5322(b).  As such, the Due Process Clause sets the limits on this Court's exercise of personal jurisdiction.  *Mellon Bank v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992).

"Due process requires that the defendant have 'minimum contacts' in the forum state, and that the exercise of jurisdiction comport with 'traditional notions of fair play and substantial justice.'"  *Remick*, 238 F.3d at 255 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  These contacts may be either general or specific.  In the former case, a defendant's "continuous and systematic" contacts with the forum state give rise to personal jurisdiction, "even if the plaintiff's cause of action arises for the defendant's non-forum related activities."  *Id.*  For corporate defendants, these fora include "the corporation's place of incorporation and its principal place of business."  *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017).  Here, Defendants are neither incorporated nor headquartered in Pennsylvania, and Genesis concedes that personal jurisdiction may not be established on this basis.

Specific personal jurisdiction "focuses on 'the relationship among the defendant, the forum, and the litigation.'"  *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).  "For a State to exercise jurisdiction consistent

with due process, the defendant's ***suit-related conduct*** must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added). The Third Circuit has identified three factors that inform this inquiry: "First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with 'fair play and substantial justice.' *O'Connor*, 496 F.3d at 317 (cleaned up, citations omitted).

In this case, that first factor is dispositive. Specific personal jurisdiction turns on a defendant's decision to "purposefully avail itself of the privilege of conducting activities within the forum." *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). While it is not necessary that a defendant have physically entered the forum, there must be some "deliberate targeting of the forum," and "contacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself. *Id.* (citing *Gehling v. St. George's Sch. of Med., Ltd.*, 773 F.2d 539, 542-43 (3d Cir. 1985)). Thus, "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). And so "[c]ourts should be careful to avoid mistaking a plaintiff's, or other individual's, contacts with the out-of-state defendant for evidence of the defendant's 'reaching out' into the forum." *Abira Med. Lab'ys, LLC v. Johns Hopkins Healthcare LLC*, 2020 WL 3791565, at *4 (E.D. Pa. Jul. 7, 2020).

Defendants did not purposefully direct their business activities towards Pennsylvania. As the affidavit accompanying their motion explains, they have no physical presence in the state, insure none of the state's residents, and have no plans to do so at any point in the future. Indeed,

the only contacts with Pennsylvania appearing on the face of the Complaint are that (1) laboratory samples were sent to Genesis's Pennsylvania facility for testing; (2) Genesis subsequently requested reimbursement from Defendants for these services; and, (3) Defendants periodically communicated with Genesis regarding these reimbursement requests.  Even accepting these contacts occurred in the manner that Genesis alleges, they fall well short to the kind of "deliberate targeting of the forum" that is necessary to establish specific personal jurisdiction.  *O'Connor*, 496 F.3d at 317.

To start with that first contact, Defendants did not purposefully avail themselves of the privilege of conducting business in Pennsylvania when patient laboratory samples were sent to Genesis's facility for testing.  By Genesis's own description of the facts, neither BCBS Missouri nor Anthem Missouri were involved in this contact at all; according to the Complaint, it was third-party medical providers, not Defendants, who made the decision of where to send patient samples.  Thus, even assuming that sending patient samples to an out-of-state medical laboratory constitutes the "deliberate targeting" of that forum, this was a contact between Genesis and the third-party providers, not Genesis and Defendants.  *See Helicopteros*, 466 U.S. at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.").

Attempting to square this circle, Genesis maintains that third-party providers, by treating patients insured by BCBS Missouri and Anthem Missouri, somehow became the agents of those insurers.  As a result, it argues, when these providers sent laboratory samples to Genesis, Defendants became subject to the jurisdiction of Pennsylvania's courts because of their agents' contacts with the forum.  To the extent this agency theory of jurisdiction is a legal argument,

Genesis cites no supporting authority, and for that reason alone its argument fails. *Anthony v. Small Tube Mfg. Corp.*, 535 F.Supp.2d 506, 511 n.8 (E.D. Pa. 2007); E.D. Pa. Loc. Civ. R. 7.1(c). But even setting aside that deficiency, both the Complaint and Genesis's briefing are bereft of the kind of factual allegations necessary to infer the existence of an agency relationship, which include: "(1) a manifestation of consent by the principal that the agent will act for it; (2) a consent to act by the agent; and (3) subjection to the control of the principal." *Staropoli v. Metropolitan Life Ins. Co.*, 465 F.Supp.3d 501, 514 (E.D. Pa. 2020) (citation omitted). So, even if personal jurisdiction could be established through an agency relationship, Genesis has not established that such a relationship in fact existed between third-party medical providers and Defendants.

The second contact Genesis points to as a basis for specific personal jurisdiction—"the submittal of claims to the Defendants in furtherance of [Genesis's] services"—is likewise insufficient. Specific personal jurisdiction arises from a defendant's decision to reach into the forum state, not the plaintiff's decision to reach out from it. In other words, "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Because that kind of unilateral activity is exactly what took place when Genesis submitted its claims to Defendants, it does not provide a basis for personal jurisdiction.

Finally, the communications between Genesis and Defendants fall short of the kind of contacts necessary to establish specific personal jurisdiction. "It is well established that 'informational communications in furtherance of a contract between a resident and a nonresident does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction

over the nonresident defendant.'" *Creative Waste Mgmt., Inc. v. Capitol Enviro. Srvs., Inc.*, 2004 WL 2384991, at *5 (E.D. Pa. Oct. 22, 2004) (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 152 (3d Cir. 2004). This is exactly what happened here. By the Complaint's own characterization of the fact, communications from Defendants were "intermittent" and largely responsive to the claims submitted by Genesis. They do not support a conclusion that Defendants "purposefully availed' [themselves] of the privilege of doing business in Pennsylvania." *Vetrotex*, 75 F.3d at 152; *accord Barrett Catacombs Press*, 44 F.Supp.2d 717, 729 (E.D. Pa. 1999) ("[C]ommunications or mail sent by a defendant does not trigger personal jurisdiction if they do not show purposeful availment.") (citation omitted).

In both its Complaint and opposition to Defendant's motion, Genesis contends that the Employee Retirement Income Security Act of 1974 ("ERISA") created "relaxed jurisdictional requirements" for plaintiffs. Even if true, this would be irrelevant; the claims enumerated in Genesis's Complaint sound in state contract and quasi-contract law, not the ERISA statute. And in any event, while the Third Circuit has not definitively resolved the point, Genesis is likely wrong that ERISA confers nationwide jurisdiction. It appears far more likely that the statutory language cited by Genesis "[was] meant to expand venue, not personal jurisdiction." *Williams v. Reliance Std. Life Ins. Co.*, 2021 WL 3852105, at *3 (E.D. Pa. Aug. 27, 2021) (quoting *BNSF Railway*, 581 U.S. at 409)).

This case is the latest in a series of actions that Genesis has filed in the Third Circuit against out-of-state insurance companies alleging unpaid laboratory testing bills. *See Johns Hopkins Healthcare*, 2020 WL 3791565; *Abira Medical Lab'ys LLC v. Molina Healthcare of Fla.*, 2024 WL 1182855 (E.D. Pa. Mar. 19, 2024); *Abira Medical Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, 2023 WL 4074081 (D.N.J. June 16, 2023); *Abira Medical Lab'ys, LLC v.*

*Humana, Inc.*, 2023 WL 3052308 (D.N.J. Apr. 4, 2023).  As in each of those cases, the Court lacks jurisdiction to adjudicate its claims.

IV.     **CONCLUSION**

Because the Court lacks personal jurisdiction over Defendants BCBS Missouri and Anthem Missouri, this matter must be dismissed.

An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

**_____**

**WENDY BEETLESTONE, J.**